UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENNY DEJESUS,

                                **Plaintiff,**

   vs.                                                9:20-CV-0813
                                                                   (MAD/CFH)

DONALD VENETOZZI and COREY,

                                **Defendants.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**DENNY DEJESUS**
10-B-2030
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **DAVID C. WHITE, AAG.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate who was at all relevant times in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourteenth Amendment. *See* Dkt. No. 1. Specifically, Plaintiff alleges that he was subjected to unwarranted disciplinary sanctions following a disciplinary hearing which he contends did not adequately protect his due process rights because he had been found not guilty at a previous disciplinary

1

hearing for the same incident. *See id.* The disciplinary determination was later reversed on *res judicata* grounds by the Supreme Court of the State of New York County of Albany, after Plaintiff had allegedly served a total of 203 days in disciplinary confinement and lost privileges for 270 days. *See id.*; Dkt. No. 16-1 at 25-28.

On September 28, 2020, Defendants Annucci and Venetozzi moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to state a valid cause of action because his Special Housing Unit ("SHU") confinement did not invoke a protected liberty interest. *See* Dkt. No. 14-1. Defendants claim that Plaintiff failed to show that he (1) possessed an actual liberty interest and (2) was deprived of that interest without being afforded sufficient process. *See id.* Plaintiff opposed the motion. *See* Dkt. No. 16.

In a Report-Recommendation and Order dated July 19, 2021, Magistrate Judge Hummel recommended that Defendants' motions to dismiss be denied because determining whether Plaintiff's SHU confinement for 203 days was atypical is a fact intensive inquiry more appropriately resolved at summary judgment. *See* Dkt. No. 20. Currently before the Court is Magistrate Judge Hummel's July 19, 2021 Report-Recommendation and Order, to which neither party has submitted objections.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a

3

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has instructed that the court is obligated to "make reasonable allowances to protect pro se litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should deny Defendants' motions to dismiss. Magistrate Judge Hummel found that Plaintiff plausibly alleged a protected liberty interest in not being confined. Accepting the allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff plausibly alleged that he was subjected to 203 days of disciplinary confinement, an "intermediate" range of duration. An intermediate-duration period of confinement may implicate a liberty interest if the conditions therein represent an "atypical and significant hardship."

Further, Plaintiff also alleges a deprivation of "personal property, grooming equipment, hygiene products, limited family pictures and no personal mail" while in the SHU. *See* Dkt. No.

4

20 at 8.  Plaintiff also claims that he was deprived of recreation, movement, and communication or interaction with his family and that he was forced to use the toilet and shower in his cell mate's presence.  *See id.*  As Magistrate Judge Hummel noted, in cases involving an intermediate duration of SHU confinement "the fact-finding required by the Second Circuit to determine whether this intermediate sentence constitutes an atypical and significant hardship cannot occur on a motion to dismiss."  *See* Dkt. No.  20 at 9; *Koehl v. Bernstein*, 10 Civ. 3808, 2011 WL 2436817, *7 (S.D.N.Y. June 17, 2011) (collecting cases), report and recommendation adopted, 2011 WL 4390007 (S.D.N.Y. Sept. 21, 2011).  The Court finds that the recommendation correctly determined that Plaintiff plausibly stated a liberty interest and that more information is needed to determine if the conditions imposed were atypical.

      Accordingly, the Court hereby

      **ORDERS** that Magistrate Judge Hummel's July 19, 2021 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

      **ORDERS** that Defendants' motions to dismiss (Dkt. No. 14) are **DENIED**; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2021
       Albany, New York

Mae A. D'Agostino
U.S. District Judge