**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

DENNY DEJESUS,

                 Plaintiff,

    v.
                                               No. 9:20-CV-813
DONALD VENETOZZI, et al.,                           (MAD/CFH)

                 Defendants.

_____

**APPEARANCES:**                           **OF COUNSEL:**

Denny DeJesus
10-B-2030
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff pro se

Attorney General for the                  MATTHEW GALLAGHER, ESQ.
State of New York                         Assistant Attorney General
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for defendants

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Denny DeJesus ("plaintiff"), who was at the time of filing his complaint in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983,

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c).

alleging that defendants Donald Venetozzi and "Captain Corey" (collectively, "defendants") violated his due process rights under the Fourteenth Amendment. See Dkt. No. 1 ("Compl.").[2] Presently pending before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to Rule 41(b) and Rule 16(f)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). See Dkt. No. 33. For the following reasons, it is recommended that the motion be granted.

## I. Background

Plaintiff commenced this action on July 20, 2020, by filing a complaint and a motion for leave to proceed in forma pauperis. See Dkt. Nos. 1, 2. The next day, the Court administratively closed the case for plaintiff's failure to comply with the filing fee requirement. See Dkt. No. 4. The Court ordered plaintiff to submit a signed inmate authorization form, should he wish to proceed with the case. See id. at 2. On July 27, 2020, plaintiff submitted a complete inmate authorization form, and the Court reopened the case. See Dkt. Nos. 5, 6. On August 24, 2020, District Judge Mae A. D'Agostino reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and permitted plaintiff's claims against defendants to proceed beyond initial review and ordered that defendants answer the complaint. See Dkt. No. 7 at 14-15. In the Court's Decision and Order, plaintiff was informed of the requirement "to promptly notify the Clerk's office and all parties or their counsel of any change in his address" and he was warned that the

---

[2] Plaintiff initially brought this action against additional individuals, Anthony Annucci and Sergeant Lansing. See Compl. at 1. However, following the Court's initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the claims against Annucci and Lansing without prejudice. See Dkt. No. 7 at 12-14.

2

"failure to do so will result in the dismissal of this action[.]" Id. at 15. The Clerk of Court issued a summons for defendants on August 25, 2020. See Dkt. No. 8. Plaintiff sent a letter to the Court on August 31, 2020, requesting assistance in issuing a summons. See Dkt. No. 9. The Clerk of Court sent plaintiff a copy of the docket sheet indicating that a summons had been issued. See Docket Entry 09/10/2020.

On September 28, 2020, defendants filed a motion to dismiss for failure to state a claim. See Dkt. No. 14. On November 3, 2020, plaintiff responded in opposition. See Dkt. No. 16. On November 6, 2020, plaintiff wrote the Court a letter asking whether the Court received his response in opposition to defendants' motion to dismiss. See Dkt. No. 18. The Clerk of Court provided plaintiff a copy of the docket sheet. See id. Defendants then replied to their motion to dismiss. See Dkt. No. 19.

On July 20, 2021, the undersigned recommended denying defendants' motion to dismiss and the Court adopted the Report-Recommendation and Order on September 15, 2021. See Dkt. Nos. 20, 21. A copy of the Court's Order adopting the Report-Recommendation and Order was served on plaintiff via regular mail. See Dkt. No. 21. Then, on September 21, 2021, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order and served a copy of the Scheduling Order on plaintiff via regular mail. See Dkt. No. 23. The Court's Order adopting the undersigned's Report-Recommendation and Order and the undersigned's Scheduling Order were returned as undeliverable and the envelopes stated, "released." Dkt. Nos. 24, 25.

On February 7, 2022, defendants filed a letter requesting a court conference in which they explained that they served their answer on plaintiff, but it was returned as undeliverable, and the envelope stated, "[r]eturn to sender not here." Dkt. No. 27 at 1.

3

The Court scheduled a status conference and advised plaintiff "that failing to participate in court ordered conferences may result in impositions of sanctions to include dismissal of this case."  Dkt. No. 28.  The Court ordered plaintiff's participation in the conference.  See Dkt. No. 29.  The Court served its Orders on plaintiff via regular mail, but the mail was returned as undeliverable.  See Dkt. Nos. 28, 29, 30.  Plaintiff did not appear at the scheduled conference on March 1, 2022, and the Court permitted defendants to file a motion to dismiss for failure to prosecute.  See Text Minute Entry 03/01/2022; Dkt. No. 31.  In a Text Order, the Court set a briefing schedule for the motion to dismiss for failure to prosecute and "reminded" plaintiff "that failing to appear for Court conferences[] or abiding by Court Orders may result in the imposition of sanctions to include dismissal of this case."  Dkt. No. 31.  The Text Order was sent to plaintiff via regular mail, but it was returned as undeliverable.  See Dkt. Nos. 31, 32.  Defendants subsequently filed their motion to dismiss.  See Dkt. No. 33.  To date, plaintiff has not responded to defendant's motion to dismiss, nor engaged in any activity or communication with the Court regarding his case since he wrote a letter to the court on November 6, 2020.  See Dkt. No. 18.  Defendants aver that plaintiff was released from incarceration to parole on or around September 20, 2021.  See Dkt. No. 33-1 at 3, ¶ 11.

## II. Discussion

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides that "a defendant may move to dismiss the action" "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order[.]"  FED. R. CIV. P. 41(b); see also Baptiste v. Sommers, 768 F.3d 212,

4

216 (2d Cir. 2014) (per curiam); L.R. 41.2(a).  As dismissal under Rule 41(b) "is a harsh remedy[, it] is appropriate only in extreme situations."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted).  Where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies[.]"  Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[P]ro se plaintiffs should be granted special leniency regarding procedural matters.").  Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors.  The court must examine:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (spacing added) (citations omitted).  "No one factor is dispositive[.]"  United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).  "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

After assessing the relevant factors, the undersigned concludes that dismissal under Rule 41(b) is appropriate.  The duration of plaintiff's failure to comply with the

Court's orders favors dismissal. Plaintiff has not updated his address or communicated with the Court since November 6, 2020—over two years ago. See Dkt. No. 18. Courts have repeatedly determined that a plaintiff's failure to comply with court orders for several months, let alone two years, weighs in favor of dismissal. See Mayer v. Clinton County, No. 9:17-CV-905 (GLS/CFH), 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020)[3] (citations omitted) (collecting cases supporting dismissal where the plaintiff did not appear or communicate with a court for four, five, or "more than six months[.]"), report and recommendation adopted sub nom. Mayer v. Liberty, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020); see also Lewis v. Livingston County, 314 F.R.D. 77, 80 (W.D.N.Y. 2016) (citations omitted) (collecting cases to support dismissal following "a ten-month delay of the case, which is sufficient to justify dismissal for failure to prosecute."). The Second Circuit, in an unpublished decision, affirmed dismissal of a complaint under Rule 41(b) where the district court noted, in part, that the plaintiff's "inaction for two years qualifies as a delay of significant duration[.]" Lopez v. Pichardo 2230 Rest. Corp., 734 F. App'x 16, 18 (2d Cir. 2018) (summary order). Here, plaintiff's complete silence in this action for approximately 26 months is a significant amount of time to fail to comply with the Court's orders and favors dismissal.

Next, as to whether plaintiff was on notice that his failure to comply with court orders would result in dismissal, the Court warned plaintiff that failure to notify the Court and defendants of any change in his address would result in dismissal of his case. See Dkt. No. 7 at 15. The Court then attempted to warn him that his failure to participate in court ordered conferences could result in dismissal of his case when the Court mailed

---

[3] All unpublished cases cited in this Report-Recommendation and Order have been provided to plaintiff, unless otherwise noted.

6

its Text Order on February 15, 2022. See Dkt. No. 28. The Court also attempted to warn plaintiff of his duty to appear for Court conferences and abide by the Court's orders in its March 4, 2022, Text Order. See Dkt. No. 31. Plaintiff did not, however, receive these notices because the mail was returned as undeliverable. See Dkt. Nos. 30, 32. Although plaintiff did not receive the February and March 2022 notices, this was because of his own failure to update his address. See Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052, at *1 (W.D.N.Y. Oct. 7, 2005) (granting the defendants' motion to dismiss where the "[p]laintiff has taken no steps to prosecute this case in nearly a year. The Court's attempt to warn [the] plaintiff that this action was subject to dismissal has been thwarted by [the] plaintiff's own failure to keep the Court apprised of his address as required by the local rules."). Importantly, he was warned that his failure to notify the Court of a change in his address would result in dismissal of the action; thus, this factor weighs in favor of dismissal.

As to the third factor—whether defendants will be prejudiced by further delay—a defendants "inability to depose [the] plaintiff or collect necessary documents to defend [themselves] in [a] matter weighs in favor of dismissal." Mayer, 2020 WL 5536800, at *5. Additionally, "[p]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 256 (2d Cir. 2004) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982)). "In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" Id. (quoting Lyell Theatre Corp., 682 F.3d at 43). "Where a plaintiff has become

inaccessible for months at a time, courts presume prejudice." Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (citations omitted).

Defendants argue that they would be prejudiced by further delay because plaintiff's complaint concerns events from 2017 and "[m]emory of the events giving rise to [p]laintiff's claims has likely faded from [d]efendants, witnesses, and [p]laintiff himself, who has yet to be deposed.  This significantly affects the preparation of the defense." Dkt. No. 33-2 at 6-7.  The Court agrees that plaintiff's lack of communication with the Court and defendants, prejudices defendants' ability to prepare their defense.  See Hutcheon v. Farnum, No. 9:18-CV-00203 (MAD/CFH), 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) ("[The] defendant has been prejudiced by [the] plaintiff's complete failure to participate in discovery."), report and recommendation adopted, 2020 WL 90786 (N.D.N.Y. Jan. 8, 2020).  Further, as plaintiff has not participated in the case for over two years, prejudice is presumed.  See Llewellyn v. Peacock, No. 9:20-CV-00179 (GLS/TWD), 2021 WL 6334288, at *4 (N.D.N.Y. Dec. 2, 2021) (determining that where the plaintiff has not participated in the case in over eighteen months, "[t]he unexcused delay in [the p]laintiff's accessibility means prejudice is presumed."), report and recommendation adopted, 2022 WL 79686 (N.D.N.Y. Jan. 7, 2022).[4]

Next, as to the fourth factor, "the undersigned concludes that '[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's

---

[4] It appears that plaintiff was accessible until September 2021, as the Court's September 15, 2021, Order was not returned as undeliverable.  See Dkt. No. 21.  Even if the Court were to use September 2021 as opposed to November 2020 as the date for determining prejudice, September 2021 was roughly sixteen months ago.  Sixteen months of inaccessibility is a sufficiently lengthy period of time for prejudice to be presumed.  See Llewellyn, 2021 WL 6334288, at *4.

8

congestion." Mayer, 2020 WL 5536800, at *5 (citation omitted) (alterations in original). The Court provided plaintiff numerous opportunities to be heard, including holding a status conference and terminating discovery deadlines while the present motion to dismiss has been pending. See Dkt. Nos. 28, 29. Plaintiff's failure to move the case forward subordinates his interest in being heard to the Court's interest in managing its docket. Pena v. Zazzle Inc., 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (citation omitted) ("Although [the plaintiff's] failure to prosecute is a 'silent' failure," as opposed to one that is "vexatious and burdensome[,]" "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case. Furthermore, his 'failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim."). Plaintiff's failure to communicate in any manner with the Court for over two years tips this factor in favor of dismissal as "fairness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)," may require a district court to dismiss a case pursuant to Rule 41(b). Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980).

Finally, as to whether there are other less drastic sanctions to dismissal, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record[.]" S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted). Further, "[c]ourts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." Caussade, 293 F.R.D. at 631 (collecting

9

cases) (citations omitted).  The undersigned is cognizant of plaintiff's pro se status; however, lesser sanctions are unlikely to be successful in motivating plaintiff to participate in this action as the Court has been unable to establish contact with him, and he appears uninterested in prosecuting this case.  See Jackson v. United States, No. 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (determining that lesser sanctions were not appropriate because the plaintiff "repeatedly failed to update the Court with regards to obtaining new counsel[,]" "failed respond to the motion currently before the Court[,]" and failed "to attend Court-ordered telephone conferences.").  As such, this factor weighs in favor of dismissal.

After careful consideration of the relevant factors, the undersigned concludes that dismissal of plaintiff's complaint is warranted under Rule 41(b).  Accordingly, it is recommended that defendant's motion to dismiss be granted and plaintiff's complaint be dismissed with prejudice.  See Hutcheon, 2019 WL 7971873, at *3 (collecting cases to support dismissal with prejudice); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020) (citation omitted) ("Federal Rule of Civil Procedure 41(b) . . . tells courts to treat the dismissal 'as an adjudication on the merits'—meaning a dismissal with prejudice.").

### 2.  Rule 16(f)

Defendants also move for dismissal of plaintiff's complaint under Fed. R. Civ. P. 16(f)(1) because plaintiff "fail[ed] to participate in the March 1, 2022[,] conference as ordered or comply with the Court's Order by notifying the Court and [d]efendants of his change of address."  Dkt. No. 33-1 at 8.  Under Rule 16(f)(1), "the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party" "(A) fails to

appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)). "Instead of or in addition to any other sanction, the court must order the party, . . . to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2).

Rule 16(f)'s 'explicit reference to sanctions' reflects the Rule's intention to 'encourage forceful judicial management.'" Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018) (citation omitted). "Fed R. Civ. P. 16(f) advisory committee's note . . . vests a district court with discretion to impose whichever sanction it feels is appropriate under the circumstances." Id. (quotation marks and citation omitted). "This sanctioning power accords with a district court's broader inherent power and responsibility to manage [its] docket[ ] so as to achieve the orderly and expeditious disposition of cases." Id. (quoting In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013) (per curiam)) (quotation marks omitted). In considering whether sanctions pursuant to Fed. R. Civ. P. 37 are appropriate, the Court should consider factors, such as "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017) (citation omitted).

11

As to willfulness, "[n]oncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply." Davis v. City of New York, No. 17-CV-3863 (MKB/SJB), 2019 WL 7842400, at *4 (E.D.N.Y. Dec. 3, 2019) (citation omitted), report and recommendation adopted, 2020 WL 103525 (E.D.N.Y. Jan. 9, 2020). Further, as to the notice factor, dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (per curiam).

Plaintiff did not receive the Court's Orders that scheduled the March 2022 conference and ordered plaintiff's appearance. See Dkt. Nos. 28, 29, 30. As such, the Court cannot conclude that his failure to appear at the scheduled hearing was entirely willful where he did not know about the conference nor that his appearance was mandatory. See FED. R. CIV. P. 16(f)(1)(A) (allowing sanctions to be imposed where a party does not appear at a scheduled or pretrial conference). However, plaintiff received the Court's Order which warned him of his obligation to notify the Court of changes in his address and that his failure to do so could result in dismissal. See Dkt. No. 7 at 15; see also Booker v. Suffolk Cnty. Corr. Facility, No. 14-CV-5204 (AMD/SJB), 2020 WL 1821903, at *6 (E.D.N.Y. Feb. 13, 2020) (dismissing the plaintiff's case under Rule 16(f)(1) where the plaintiff's noncompliance and failure to appear "stem from [the plaintiff's] failure to update the Court about his release."), report and recommendation adopted, 2020 WL 1821348 (E.D.N.Y. Apr. 10, 2020); Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *3 (N.D.N.Y. May 1, 2017) ("[T]here had been confusion regarding [the p]laintiff's address. Despite the initial confusion, [the p]laintiff

12

mailed correspondence to the Court in February 2016 from the address listed on the docket report and notice of deposition. Thus, it cannot be said that [the]laintiff did not receive the notices of deposition . . . [and] I find that [the p]laintiff's failure to appear at his deposition was willful."), report and recommendation adopted sub nom. Cintron v. Gettmann, 2017 WL 2303990 (N.D.N.Y. May 25, 2017) .

The reason plaintiff did not know about the conference was because of his own failure to update his mailing address—a circumstance that was well within his control and known to him in August 2020. See Dkt. No. 7 at 15; see also FED. R. CIV. P. 16(f)(1)(C) (allowing the imposition of sanctions where a party "fails to obey a scheduled or other pretrial order."); Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (citation omitted) ("Non-compliance may be deemed willful 'when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.'"). Based on the foregoing, plaintiff's non-compliance with the Court's Orders was willful and his receipt of the Order instructing him to update the Court of changes in his address provided him with sufficient notice. As such, these two factors weigh in favor of dismissal. See Williams v. Nassau Cnty. Corr. Ctr., No. 2:17-CV-4689 (MKB/SJB), 2019 WL 10852889, at *4, n.4 (E.D.N.Y. Nov. 22, 2019) (citation omitted) (dismissing the complaint under Rule 16(f) where the plaintiff received four notices that his failure to appear or comply with the court's orders would result in dismissal and "[t]hat [the plaintiff] may have moved, without providing any forwarding address or means of contact, does not entitle him to continue with his case. What is more, only one of the Court's orders was

13

returned undeliverable.  Regardless, '[i]t is [the] plaintiff's obligation to notify the Court of any change in address.").

Next, as explained, lesser sanctions would be ineffective in motivating plaintiff to appear at future conferences or abide by the Court's orders, and the duration of plaintiff's noncompliance has been significant.  See supra at 6, 9-10; see also Samman v. Conyers, 231 F.R.D. 163, 166 (S.D.N.Y. 2005) (dismissing the complaint where "[the p]laintiff is a pro se litigant of apparently modest means and monetary sanctions are unlikely to be effective.  [N]umerous extensions of discovery deadlines and explicit warnings that dismissal would result from failure to advance his case, given orally in open court and by written order, have been ineffective in motivating [the] plaintiff to comply with this Court's orders.").  As these two factors also weigh in favor of dismissal, the Court concludes that dismissal of plaintiff's complaint under Rule 16(f)(1) is appropriate.

Under Rule 16(f)(2), the court is instructed to order the party violating Rule 16(f)(1) to pay reasonable expenses, including attorney's fees, that were incurred because of noncompliance with the rule.  See FED. R. CIV. P. 16(f)(2).  The Court is not required to order the payment of reasonable expenses if "the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Id.  "The decision to impose sanctions 'is committed to the sound discretion of the district court . . . .'"  Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc., 301 F.R.D. 31, 37 (S.D.N.Y. 2014) (quoting Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990)).  Defendants do not seek the imposition of expenses nor assert what expenses

14

they incurred because plaintiff's noncompliance with Rule 16(f)(1).  <u>See</u> <u>generally</u> Dkt. No. 33-2.

An award of expenses is not warranted under the circumstances because dismissal of the complaint is a sufficiently severe sanction, the Court has no way of contacting plaintiff to impose monetary sanctions, defendants have not requested monetary sanctions or explained whether they incurred reasonable expenses, and there is no indication as to whether plaintiff, who is <u>pro se</u>, would be able to pay a monetary sanction.  <u>See</u> <u>Avent v. Platinum Plus Auto Prot.</u>, No. 1:19-CV-1494 (BKS/DJS), 2022 WL 3585764, at *8, n.9 (N.D.N.Y. Aug. 22, 2022) (granting the defendants' motion to dismiss the complaint under Rule 41(b) but denying the request to impose fees and costs because "[t]he Court finds that the severe sanction of dismissal is a sufficient sanction under Rule 16(f)."). In sum, the undersigned recommends granting defendants' motion under Rules 16(f) and 41(b) based on plaintiff's failure to comply with the Court's orders or prosecute this case and recommends dismissing plaintiff's complaint with prejudice.

### III.  Conclusion

**WHEREFORE**, for the reasons set forth above, it is hereby:

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 33) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 6(a), 6(e), 72.[5]

Dated: February 6, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).