UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DENNY DEJESUS,**

                        **Plaintiff,**

    vs.                                                     9:20-CV-00813
                                                                   (MAD/CFH)

**DONALD VENETOZZI,** *Director of Special Housing Unit/Disciplinary Program for D.O.C.C.S.*, **and COREY,** *Captain/Deputy Superintendent of Security, Auburn Correctional Facility*,

                        **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**DENNY DEJESUS**
10-B-2030
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff, *Pro Se*

**OFFICE OF THE NEW YORK**                 **MATTHEW GALLAGHER, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On July 20, 2020, *pro se* Plaintiff Denny DeJesus commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his due process rights under the Fourteenth Amendment. *See* Dkt. No. 1. On April 26, 2022, Defendants moved to dismiss Plaintiff's complaint for lack of prosecution, *see* Fed. R. Civ. P. 41(b), and the failure to appear as ordered, *see* Fed. R. Civ. P. 16(f)(1). *See* Dkt. No. 33. Plaintiff did not respond to the motion. In a Report-Recommendation

and Order dated February 6, 2023, Magistrate Judge Hummel recommended that Defendants' motion be granted and Plaintiff's complaint be dismissed with prejudice. *See* Dkt. No. 34.

Plaintiff has not filed any objections to the Report-Recommendation and Order. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court does not discern any clear error in the Report-Recommendation and Order. Magistrate Judge Hummel correctly concluded that dismissal under Rule 41(b) was appropriate. When determining whether dismissal is warranted under Rule 41(b) for failure to prosecute, courts must consider

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of

> the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Blair v. Moore Med., LLC*, No. 21-1424-CV, 2022 WL 1493743, *1 (2d Cir. May 12, 2022) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).

Here, Plaintiff was on notice as early as August 2020—several months prior to his last communication with the Court—that the failure to notify the Court and Defendants of any change in his address would result in the dismissal of this action. *See* Dkt. No. 7 at 15 ("Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; [P]laintiff's failure to do so will result in the dismissal of this action"). The Court provided two more notices in February and March 2022. *See* Dkt. Nos. 28, 31. Despite that, Plaintiff has not updated his address or communicated with the Court since November 6, 2020, over two years ago. *See* Dkt. No. 18; *see also Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 357 (2d Cir. 2020) (finding that eleven months of noncompliance after notice from the court was reasonably found to be "significant"); *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (finding a seven-month period of inaction to be significant). The extensive length of Plaintiff's inaction alone is enough for the Court to presume prejudice to Defendants. *See Washington v. Allen*, No. 9:21-CV-2, 2023 WL 1477489, *4 (N.D.N.Y. Jan. 9, 2023) ("'Where a plaintiff has become inaccessible for months at a time, courts presume prejudice'") (quotation omitted), *report and recommendation adopted*, 2023 WL 1471713 (N.D.N.Y. Feb. 2, 2023). As to the fourth factor, Plaintiff's long period of inactivity and lack of communication has reached the point where the Court's interest in managing its docket and judicial resources outweighs Plaintiff's interest in being heard in this case. *See Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) ("Although [the plaintiff's] failure to prosecute is

3

a 'silent' failure, the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case"); *see also Heendeniya*, 830 Fed. Appx. at 358.  Finally, the Court has considered less drastic sanctions and concludes that dismissal is the only adequate remedy in this case. *See Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 122 (S.D.N.Y. 2016) ("Courts have consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed").[1]

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 34) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 33) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

---

[1] Additionally, the Court does not find any clear error in Magistrate Judge Hummel's recommendation of dismissal under Rule 16(f).  *See Booker v. Suffolk Cnty. Corr. Facility*, No. 14-CV-5204, 2020 WL 1821903, *6 (E.D.N.Y. Feb. 13, 2020) (dismissing the plaintiff's case under Rule 16(f)(1) where the plaintiff's noncompliance and failure to appear "stem from [the plaintiff's] failure to update the Court about his release"), *report and recommendation adopted*, 2020 WL 1821348 (E.D.N.Y. Apr. 10, 2020).

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge